IN THE DISTRICT COURT OF THE VIRGIN ISLANDS
DIVISION OF ST. THOMAS AND ST. JOHN

| | |
|---|---|
| UNITED STATES OF AMERICA )<br>)<br>v. )<br>)<br>ALEXANDRO GERALDINO-ARACENA a\k\a )<br>ALEXANDRO GERARDINO-ARACENA, )<br>MARCO ASALA BELGAR a\k\a MARCOS )<br>ANTONIO LAZALA-VERGAL, )<br>RICARDO DONATE CARDONA, )<br>PEDRO ANTONIO BELTRE GUZMAN, and )<br>WILFREDO PEREZ LEBRON, )<br>Defendants. )<br>_____ ) | CRIMINAL NO. 2015-CR-41 |

## UNITED STATES' BRIEF IN RESPONSE TO THE COURT'S ORDER OF APRIL 11, 2016 AS IT PERTAINS TO AGENT DAY'S NOTES

The United States of America, by Ronald W. Sharpe, United States Attorney for the District of the Virgin Islands, and Sigrid M. Tejo-Sprotte, Assistant United States Attorney, and submits the following brief in response to the Court's Order regarding Agent Day's notes.

The Jencks Act requires a Court, upon motion of the defendant and after direct examination of a government witness to order the United States to produce to the defense "any statement … of the witness in its' possession which relates to the subject matter as to which the witness has testified.

A "statement" within the meaning of the Jencks Act is a written statement made by said witness and signed or otherwise adopted or approved by him.

Only witness statements "which could properly be called the witnesses own words" and "reflect fully and without distortion what had been said to the government agent" are producible under the Jenks Act. *U.S. v. Alvarez*, 2010 WL 199613*6 (D.N.J. 2010).

During the trial of this matter, Agent Day testified about his observations made on September 3, 2015 and that during his surveillance he secured photographs of what he was

*United States v. Aracena, et.. al*, Crim. No. 2015-16
United States' Response to the Court's Order of April 11, 2016
As it pertains to Agent Day's notes
Page 2

observing. On cross-examination, Agent Day revealed that he had made notes during his surveillance and that he subsequently provided those notes to Agent Niermeier. Those notes were then made a part of a Report of Investigation dated September 3, 2015 and provided to the defendants' in discovery at Bates no. 34-48. A copy of Agent Day's notes is attached as Exhibit A and a copy of the Report of Investigation was filed as an Exhibit to Government's Notice [Docket #174] for the Court's examination. At trial, the Government learned for the first time of Agent Day's notes and as such, has not refused to provide them.

The defendants are not prejudiced by the non-disclosure of Agent Day's notes, because Agent Day's trial testimony did not deviate from any other evidence presented or from the summary contained in the DEA-6 report dated September 3, 2015 and provided in discovery. See *U.S. v. Holton,* 116 F.3d 1536, 1546 (D.C. Cir. 1997) *(*defendant not prejudiced by government's failure to disclose detective's handwritten notes because notes were consistent with detective's trial testimony).

The *Holton* court stated that "after careful review of the documents belatedly supplied by the government we find the attributions and the statements reflected in Detective Quander's handwritten notes to be entirely consistent with his testimony on the witness stand and we cannot conceive of any reasonable basis on which appellant was prejudiced by his inability to inspect the notes before Detective Quander testified. Thus, the government's failure to produce the documents had no actual consequence. When the information contained in undisclosed Jencks materials does not vary from that provided by the witness at trial, "it would offend common sense and the fair administration of justice to order a new trial."" *Rosenberg v. United States,* 360 U.S. 367, 371, 79 S.Ct. 1231, 1234, 3 L.Ed.2d 1304 (1959). *See also United States v. Rippy,* 606 F.2d 1150, 1154

*United States v. Aracena, et.. al*, Crim. No. 2015-16
United States' Response to the Court's Order of April 11, 2016
As it pertains to Agent Day's notes
Page 3

(D.C.Cir.1979) (Jencks violation harmless where evidence of guilt was strong, undisclosed statement was relatively insignificant, and no evidence was adduced of bad faith by government).

The above notwithstanding, once the Government became aware of Agent Day's notes, a copy was obtained and provided. The Government has not refused to disclose the notes. Further, Agent Day was not released by the Court and is available to be cross-examined on his notes or to be called as a witness in the defendants' case in chief.

WHEREFORE, the Government submits that the failure to disclosure Agent Day's notes is not a Jencks violation and his testimony should not be stricken.

Respectfully submitted,

RONALD W. SHARPE
UNITED STATES ATTORNEY

Dated: April 12, 2016     By:     /s/ Sigrid M. Tejo-Sprotte
Sigrid M. Tejo-Sprotte, Esquire
Assistant United States Attorney
5500 Veteran's Drive, Suite 260
St. Thomas, VI 00802
(340) 774-5757
(340) 776-3474 (fax)
Sigrid.Tejo-Sprotte@usdoj.gov

*United States v. Aracena, et.. al*, Crim. No. 2015-16
United States' Response to the Court's Order of April 11, 2016
As it pertains to Agent Day's notes
Page 4

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 12th day of April, 2016, I electronically filed the foregoing Government's Response to the Court Order Pertaining to Agent Day's Notes with the Clerk of the Court using the CM/ECF system, which will send a notification of such filing (NEF) to all parties of record:

Michael L. Sheesley, Esquire
MLSPC
P.O. Box 307728
St Thomas, VI 00803
412-972-0412
michaelsheesleypc@gmail.com

David Cattie, Esquire
The Cattie Law Firm, P.C.
2329 Commandant Gade, Unit 3
St. Thomas, VI 00802
(340) 775-1200
david.cattie@cattie-law.com

Darren John Baptiste, Esquire
Alex Omar-Rosa Ambert, Esquire
2329 Commandant Gade, Unit 3
St. Thomas, VI 00802
(340) 774-4400
alomro@gmail.com

Nizar DeWood, Esquire
The DeWood Law Firm
3070 Kronprindsens Gade, Suite 208
St. Thomas, VI 00802
(340) 774-0405
info@dewood-law.com

Clive Rivers, Esquire
Jason Gonzalez-Delgado, Esquire
Counsel for Perez
Law Offices of Clive Rivers
Nisky Center, Suite 233
St. Thomas, VI 00801
jasonfed@gmail.com

By: /s/ Sigrid M. Tejo-Sprotte
Sigrid M. Tejo-Sprotte, Esquire
Assistant United States Attorney
5500 Veteran's Drive, Suite 260
St. Thomas, VI 00802
(340) 774-5757
(340) 776-3474 (fax)
Sigrid.Tejo-Sprotte@usdoj.gov