IN THE DISTRICT COURT OF THE VIRGIN ISLANDS
DIVISION OF ST. THOMAS AND ST. JOHN

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 15-CR-0041 |
| ) | |
| RICARDO DONATE CARDONA, ) | |
| ) | |
| Defendant. ) | |
| _____ ) | |

**DEFENDANT'S NOTICE RESPONSE TO THE COURT'S INQUIRY REGARDING REMAND**

COMES NOW, Defendant, RICARDO DONATE CARDONA, by and through undersigned appointed counsel, and hereby files this notice to the Court regarding the Court's inquiry of further proceedings in this matter in light of the United States Supreme Court's decision in *United States v. Rehaif*, 139 S. Ct. (2019), and in support states:

On April 14, 2016, Defendant was charged and convicted by a jury on (Count 1) conspiracy to possess with intent to distribute five or more kilograms of cocaine, in violation of 21 U.S.C. § 846; (Count 2) attempted possession with intent to distribute five kilograms or more of cocaine, in violation of 21 U.S.C. § 841(a)(1); (Count 3) possession of a firearm during a drug trafficking offense, in violation of 18 U.S.C. § 924(c)(1)(A); and (Count 4) possession of a firearm by a convicted felon, in violation of 18 U.S.C. § 922(g)(1).

Thereafter, Defendant was sentenced to imprisonment for 214 months (concurrent term for Counts 1, 2 and 4) plus 60 months (consecutive term for Count 3), with five (5) years of supervised released (concurrent term).

The remand stems from the United States Supreme Court's decision in *United States v. Rehaif*, 139 S. Ct. (2019), wherein the Court reversed and remanded a conviction for possession of a firearm by a convicted felon, in violation of 18 U.S.C. § 922(g)(1) (Count 4 herein).

Upon review of the matter, it is appointed counsel's position that the proper matter at this stage is to dismiss the sentence for Count 4 (even though it runs concurrent with the other sentence). Further, it is apparent to appointed counsel that the proper jury instruction should have been submitted only after the jury found the Defendant guilty on the substantive drug charge. Additionally, the prior conviction was used to convict the Defendant on the substantive charge. Accordingly, these matters may become a matter for a collateral attack under 28 U.S.C. §2255.

Dated: April 4, 2023.

Respectfully submitted,

**PALOMARES-STARBUCK & ASSOCIATES**
66 W. Flagler Street, Suite 601
Miami, Florida 33130
Telephone: (305) 330-4141
Facsimile: (305) 501-2366
E-Service E-mail: palolaw2@gmail.com
Secondary E-mail: palolaw@gmail.com

By: */s/ Lorenzo J. Palomares*
    **Lorenzo J. Palomares-Starbuck, Esq.**
    *By appointment of the Court*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing was served via CM/ECF and/or e-mail on this 4th day of April, 2023, upon all parties of record.

By: */s/ Lorenzo J. Palomares-Starbuck*
    **Lorenzo J. Palomares-Starbuck, Esq.**