IN THE DISTRICT COURT OF THE VIRGIN ISLANDS
DIVISION OF ST. THOMAS

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | CRIMINAL ACTION |
| | : | |
| v. | : | No. 15-41-3 |
| | : | |
| RICARDO DONATE-CARDONA | : | |

## ORDER

AND NOW, this 6th day of April, 2023, following remand from the Third Circuit Court of
Appeals to determine what further proceedings are required in light of *Rehaif*, and upon
consideration of briefing by the Parties and a hearing on the matter, it is ORDERED no further
proceedings are necessary and the judgment entered on August 8, 2017 remains undisturbed.[1]

---

[1]     On April 14, 2016, a jury convicted Defendant Ricardo Donate-Cardona of one count of
conspiracy to possess with intent to distribute five or more kilograms of cocaine, in violation of
21 U.S.C. § 846; one count of attempted possession with intent to distribute five or more kilograms
of cocaine, in violation of 21 U.S.C. § 841(a)(1); one count of possession of a firearm during a
drug trafficking offense, in violation of 18 U.S.C. § 924(c)(1)(A); and one count of possession of
a firearm by a convicted felon, in violation of 18 U.S.C. § 922(g)(1). Jury Verdict 2-6, ECF No.
198. On January 11, 2017, Judge Curtis V. Gómez sentenced Donate-Cardona to 214 months'
imprisonment on Counts 1 and 2, 60 months' imprisonment on Count 3 to run consecutively, and
120 months' imprisonment on Count 4 to run concurrently. J., ECF No. 259.
        Donate-Cardona appealed and the Third Circuit affirmed the judgment. *United States v.
Donate-Cardona*, 765 F. App'x 748 (3d Cir. 2019). On petition for writ of certiorari, the Supreme
Court vacated the Third Circuit's decision and remanded for further consideration in light of *Rehaif
v. United States*, 139 S. Ct. 2191 (2019). *Donate-Cardona v. United States*, 140 S. Ct. 400 (2019)
(Mem.). In *Rehaif*, the Supreme Court held that "[t]o convict a defendant [under 18 U.S.C. §
922(g)], the Government . . . must show that the defendant knew he possessed a firearm and also
that he knew he had the relevant status [i.e., as a felon] when he possessed it." *Rehaif*, 139 S. Ct.
at 2194. This holding thus implicated Donate-Cardona's conviction and sentence on Count 4. The
Third Circuit remanded to the district court to determine what further proceedings are required.
Order at 2, *United States v. Donate-Cardona*, No. 17-1178 (3d Cir. Dec. 17, 2019). Following
briefing and a hearing, this matter is now ripe.
        Where, as here, there are "legal issues affecting less than all of the counts in an indictment
. . . at least one count will survive and the sentences . . . are concurrent," the Court may exercise
its discretion and decline to resolve the issues. *Duka v. United States*, 27 F.4th 189, 194 (3d Cir.
2022) (citation omitted). As explained by the Third Circuit:

BY THE COURT:


  /s/ Juan R. Sánchez
Juan R. Sánchez, C.J.

---

The concept underlying this doctrine is simple: there is no use expending the limited resources of the litigants and the judiciary reviewing a conviction where, regardless of the outcome, the defendant will remain subject to the same sentence. This common-sense approach preserves valuable and limited judicial resources for deciding those cases which might actually result in practical changes for the litigants.

*Id.* The Third Circuit has affirmed application of this doctrine in another case challenging a § 922(g) conviction pursuant to *Rehaif. Suggs v. Warden Loretto FCI*, No. 21-2497, 2022 WL 1535284 (3d Cir. May 16, 2022). Because Donate-Cardona's sentence for violation of § 922(g) is running concurrently to a longer sentence imposed on Counts 1 and 2, vacatur of the § 922(g) conviction – whether through dismissal of the charges or a new trial – would not shorten his term of imprisonment. Accordingly, the Court will apply the concurrent sentence doctrine and decline to resolve the underlying legal issues. Donate-Cardona's sentence remains undisturbed.