MOTION UNDER 28 U.S.C. § 2255 TO VACATE, SET ASIDE, OR CORRECT
SENTENCE BY A PERSON IN FEDERAL CUSTODY

| United States District Court | District | District Court of Virgin Islands, St.Thomas Division |
|---|---|---|
| Name *(under which you were convicted)*: Ricardo Donate Cardona | | Docket or Case No.: 3:15-CR-00041-JRS-RM-3 |
| Place of Confinement: Federal Correctional Institution - Mami | | Prisoner No.: 35253-069 |
| UNITED STATES OF AMERICA | V. | Movant *(include name under which convicted)* Ricardo Donate Cardona |

## MOTION

1.  (a) Name and location of court which entered the judgment of conviction you are challenging:

    District Court of the Virgin Islands, Division of St. Thomas
    5500 Veterans Drive, Suite 310
    Charlotte Amalie, St. Thomas, Virgin Islands 00802-6424

    (b) Criminal docket or case number (if you know): 3:15-CR-00041-JRS-RM-3 (D.V.I)

2.  (a) Date of the judgment of conviction (if you know): 4/14/2016

    (b) Date of sentencing: 1/11/2017

3.  Length of sentence: 214 months and 60 months to be served consecutively

4.  Nature of crime (all counts):

    Count One-conspiracy to distribute narcotics, in violation of 21 U.S.C. § 846; Count Two-attempted possession with intent to distribute narcotics, in violation of 21 U.S.C. § 841 and § 846; Count Three-possession of a firearm during a drug trafficking crime, in violation of 18 U.S.C. § 924(c); and Count Four-possession of a firearm by a convicted felon, in violation of 18 U.S.C. § 922(g)(1)

5.  (a) What was your plea? (Check one)
    (1) Not guilty [✓]   (2) Guilty [ ]   (3) Nolo contendere (no contest) [ ]

6.  (b) If you entered a guilty plea to one count or indictment, and a not guilty plea to another count or indictment, what did you plead guilty to and what did you plead not guilty to?

    Not Applicable

6.  If you went to trial, what kind of trial did you have? (Check one)   Jury [✓]   Judge only [ ]

7.  Did you testify at a pretrial hearing, trial, or post-trial hearing?   Yes [ ]   No [✓]

AO 243 (Rev. 09/17)

8. Did you appeal from the judgment of conviction?     Yes [✓]     No [ ]

9. If you did appeal, answer the following:
   (a) Name of court: Third Circuit Court of Appeals
   (b) Docket or case number (if you know): United States v. Donate-Cardona, 17-1178
   (c) Result: Affirmed
   (d) Date of result (if you know): 4/4/2019
   (e) Citation to the case (if you know): 756 Fed. Appx. 748 (3d Cir. 2019)
   (f) Grounds raised:

   - Jenks Act
   - Confrontation Clause of the Sixth Amendment to the Constitution
   - Improper Jury Instruction on Multiple Conspiracies
   - Incorrect Drug Quantity

   (g) Did you file a petition for certiorari in the United States Supreme Court?     Yes [✓]     No [ ]
       If "Yes," answer the following:
       (1) Docket or case number (if you know): Donate-Cardona v. United States
       (2) Result: Vacated the Third Circuits decision and remanded for futher consideration in light of Rehaif v. United States, 139 S. Ct. 2191 (2019)
       (3) Date of result (if you know): 12/5/2019
       (4) Citation to the case (if you know): 140 S.Ct. 400 (2019)
       (5) Grounds raised:

       - Jenks Act
       - Confrontation Clause of the Sixth Amendment to the Constitution
       - Improper Jury Instruction on Multiple Conspiracies
       - Drug Quantity
       - New Law: Rehaif

10. Other than the direct appeals listed above, have you previously filed any other motions, petitions, or applications, concerning this judgment of conviction in any court?
    Yes [ ]     No [✓]

11. If your answer to Question 10 was "Yes," give the following information:
    (a) (1) Name of court: Not Applicable
        (2) Docket or case number (if you know): Not Applicable
        (3) Date of filing (if you know):

(4) Nature of the proceeding: Not Applicable

(5) Grounds raised:

Not Applicable

(6) Did you receive a hearing where evidence was given on your motion, petition, or application?

Yes ☐ No ☐

(7) Result: Not Applicable

(8) Date of result (if you know): _____

(b) If you filed any second motion, petition, or application, give the same information:

(1) Name of court: Not Applicable

(2) Docket of case number (if you know): Not Applicable

(3) Date of filing (if you know): _____

(4) Nature of the proceeding: Not Applicable

(5) Grounds raised:

Not Applicable

(6) Did you receive a hearing where evidence was given on your motion, petition, or application?

Yes ☐ No ☐

(7) Result: Not Applicable

(8) Date of result (if you know): _____

(c) Did you appeal to a federal appellate court having jurisdiction over the action taken on your motion, petition, or application?

(1) First petition: Yes ☐ No ☐

(2) Second petition: Yes ☐ No ☐

(d) If you did not appeal from the action on any motion, petition, or application, explain briefly why you did not:

Not Applicable

AO 243 (Rev. 09/17)

12. For this motion, state every ground on which you claim that you are being held in violation of the Constitution, laws, or treaties of the United States. Attach additional pages if you have more than four grounds. State the facts supporting each ground. Any legal arguments must be submitted in a separate memorandum.

GROUND ONE: Ineffective Assistance of Counsel

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

Defendants counsel failed to effectively communicate, advocate, and litigate on his behalf, significantly impacting the fairness of the trial process and the severity of the sentence imposed. Specific failures included not challenging prior convictions used to enhance sentence; failure to object to jury instructions that did not conform to Apprendi v. New Jersey standards leading to a potential increase in penalty without requisite jury determination (referencing United States v. Rowe, 3rd Circuit, 2018); failure to challenge the prosecutions evidence; failure to demand exculpatory evidence; and failing to negotiate a plea that considered the weaknesses in the prosecution's case. Lastly, neither the Government nor the defense Counsel requested an instruction requiring the jury to find a particular quantity of drugs but the judge at sentencing found by a preponderance the quantity. Giving more quantity than should have been per the evidence at trial which is a structural error.

(b) **Direct Appeal of Ground One:**
   (1) If you appealed from the judgment of conviction, did you raise this issue?
       Yes ☐   No ☑
   (2) If you did not raise this issue in your direct appeal, explain why:
   Ineffective Assistance of Counsel

(c) **Post-Conviction Proceedings:**
   (1) Did you raise this issue in any post-conviction motion, petition, or application?
       Yes ☐   No ☑
   (2) If you answer to Question (c)(1) is "Yes," state:
   Type of motion or petition:   Not Applicable
   Name and location of the court where the motion or petition was filed:
   Not Applicable

   Docket or case number (if you know):   Not Applicable
   Date of the court's decision:
   Result (attach a copy of the court's opinion or order, if available):
   Not Applicable

   (3) Did you receive a hearing on your motion, petition, or application?
       Yes ☐   No ☐

AO 243 (Rev. 09/17)

    (4)  Did you appeal from the denial of your motion, petition, or application?

        Yes ☐   No ☐

    (5)  If your answer to Question (c)(4) is "Yes," did you raise the issue in the appeal?

        Yes ☐   No ☐

    (6)  If your answer to Question (c)(4) is "Yes," state:

Name and location of the court where the appeal was filed:
Not Applicable

Docket or case number (if you know): Not Applicable

Date of the court's decision:

Result (attach a copy of the court's opinion or order, if available):

Not Applicable

    (7)  If your answer to Question (c)(4) or Question (c)(5) is "No," explain why you did not appeal or raise this issue:

Not Applicable

**GROUND TWO:** Need for Bifurcated Trial (Need for Severance; Rule 404)

    (a)  Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

Improper introduction of alleged circumstances and facts related to prior convictions of Mr. Donate-Cardona prejudiced the jury against the Defendant. The prosection's mention of prior convictions at the begining and throughout the trial tainted the jury's perception and decision making process.
This method, criticized in Old Chief v. United States, underscores the trial's deviation from established standards of justice and impartiality.
Additionally, the defense Counsel is required to ask the District Court to bifurcate the jurys consideration of the elements of the 922(g)(1) charge, such that it would hear evidence of prior felony conviction only after reaching a verdict as to whether possession of the firearm should be in that issue. United States v. Higdon (3rd Cir.) and United States v. Mims (3rd Cir.)
Lastly, there is a issue of plain error affecting substantial rights. United States v. Caldwell (4th Cir. 2021)

    (b)  **Direct Appeal of Ground Two:**

        (1)  If you appealed from the judgment of conviction, did you raise this issue?

           Yes ☐   No ☑

(2) If you did not raise this issue in your direct appeal, explain why:

Ineffective Assistance of Counsel at Trial

(c) **Post-Conviction Proceedings:**

(1) Did you raise this issue in any post-conviction motion, petition, or application?

Yes ☐ No ☑

(2) If you answer to Question (c)(1) is "Yes," state:

Type of motion or petition: Not Applicable

Name and location of the court where the motion or petition was filed:
Not Applicable

Docket or case number (if you know): Not Applicable

Date of the court's decision:

Result (attach a copy of the court's opinion or order, if available):

Not Applicable

(3) Did you receive a hearing on your motion, petition, or application?

Yes ☐ No ☐

(4) Did you appeal from the denial of your motion, petition, or application?

Yes ☐ No ☐

(5) If your answer to Question (c)(4) is "Yes," did you raise the issue in the appeal?

Yes ☐ No ☐

(6) If your answer to Question (c)(4) is "Yes," state:

Name and location of the court where the appeal was filed:
Not Applicable

Docket or case number (if you know): Not Applicable

Date of the court's decision:

Result (attach a copy of the court's opinion or order, if available):

Not Applicable

(7) If your answer to Question (c)(4) or Question (c)(5) is "No," explain why you did not appeal or raise this issue:

Not Applicable

AO 243 (Rev. 09/17)

GROUND THREE: Brady and Giglio Violation

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

Prosecutors knowingly held back exculpatory material from Defendants Counsel. Additionally, Defendants counsel failed to demand timely disclosure of exculpatory evidence specifically pertaining to information on and testimony of confidential informants (CS1 and CS2) thereby compromising and violating Mr. Donate-Cardona's right to due process.

(b) **Direct Appeal of Ground Three:**
 (1) If you appealed from the judgment of conviction, did you raise this issue?
  Yes ☐   No ☑
 (2) If you did not raise this issue in your direct appeal, explain why:

 Ineffective Assistance of Counsel at Trial

(c) **Post-Conviction Proceedings:**
 (1) Did you raise this issue in any post-conviction motion, petition, or application?
  Yes ☐   No ☑
 (2) If you answer to Question (c)(1) is "Yes," state:
 Type of motion or petition: Not Applicable
 Name and location of the court where the motion or petition was filed:
 Not Applicable

 Docket or case number (if you know): Not Applicable
 Date of the court's decision:
 Result (attach a copy of the court's opinion or order, if available):

 Not Applicable

 (3) Did you receive a hearing on your motion, petition, or application?
  Yes ☐   No ☐
 (4) Did you appeal from the denial of your motion, petition, or application?
  Yes ☐   No ☐
 (5) If your answer to Question (c)(4) is "Yes," did you raise the issue in the appeal?
  Yes ☐   No ☐

(6) If your answer to Question (c)(4) is "Yes," state:

Name and location of the court where the appeal was filed:
Not Applicable

Docket or case number (if you know): Not Applicable

Date of the court's decision:

Result (attach a copy of the court's opinion or order, if available):
Not Applicable

(7) If your answer to Question (c)(4) or Question (c)(5) is "No," explain why you did not appeal or raise this issue:
Not Applicable

## GROUND FOUR: Violation of the Speedy Trial Act

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

The procedural dealys and the manner in which Defendant's charges were handled violated the Speedy Trial Act. The delay in trial proceedings, reiteration of charges related to firearm prossession, and introducing a superseeding indictment awithout dismissing the initial indictment led to violaton of the Speedy Trial Act. These procedural errors comprimised the fairness and integrity of the trial, infringing upon the Defendant's Sixth Amendment rights.
Additionally, defense Counsels failure to object to the jury that the prosecutors filing of a superseeding indictment to get more time, does not restart the "clock" in existing charges. United States v. Erickson (3rd Cir.) and United States v. Adams.
Lastly there is a violation of the Double Jepordy clause since the prosecutor did not dismiss the first indictment and issued a superseeding indictment with the same charge and same people.

(b) **Direct Appeal of Ground Four:**

(1) If you appealed from the judgment of conviction, did you raise this issue?
Yes ☐   No ☑

(2) If you did not raise this issue in your direct appeal, explain why:
Ineffective Assistance of Counsel at Trial

(c) **Post-Conviction Proceedings:**

(1) Did you raise this issue in any post-conviction motion, petition, or application?
Yes ☐   No ☑

(2) If you answer to Question (c)(1) is "Yes," state:

Type of motion or petition: Not Applicable

Name and location of the court where the motion or petition was filed:
Not Applicable

Docket or case number (if you know): Not Applicable

Date of the court's decision:

Result (attach a copy of the court's opinion or order, if available):

Not Applicable

(3) Did you receive a hearing on your motion, petition, or application?
Yes ☐ No ☐

(4) Did you appeal from the denial of your motion, petition, or application?
Yes ☐ No ☐

(5) If your answer to Question (c)(4) is "Yes," did you raise the issue in the appeal?
Yes ☐ No ☐

(6) If your answer to Question (c)(4) is "Yes," state:

Name and location of the court where the appeal was filed:
Not Applicable

Docket or case number (if you know): Not Applicable

Date of the court's decision:

Result (attach a copy of the court's opinion or order, if available):

Not Applicable

(7) If your answer to Question (c)(4) or Question (c)(5) is "No," explain why you did not appeal or raise this issue:
Not Applicable

13. Is there any ground in this motion that you have not previously presented in some federal court? If so, which ground or grounds have not been presented, and state your reasons for not presenting them:

1. Ineffective Assistance of Counsel
2. Need for Bifurcated Trial (Need for Severance; Rule 404)
3. Brady and Giglio Violations
4. Violation of the the Speedy Trial Act
5. Prosecutorial Misconduct
6. 922(g) Conviction is Unconstitutional

AO 243 (Rev. 09/17)

14. Do you have any motion, petition, or appeal <u>now pending</u> (filed and not decided yet) in any court for the you are challenging? Yes ☐ No ☑

If "Yes," state the name and location of the court, the docket or case number, the type of proceeding, and the issues raised.

15. Give the name and address, if known, of each attorney who represented you in the following stages of the judgment you are challenging:

    (a) At the preliminary hearing:
    Alex Omar Rosa-Ambert, MCS Plaza 255 Ponce de Leon Ave. 100 Blvd. Media Luna #508, Carolina, P.R. 00877

    (b) At the arraignment and plea:
    Alex Omar Rosa-Ambert, MCS Plaza 255 Ponce de Leon Ave. 100 Blvd. Media Luna #508, Carolina, P.R. 00877

    (c) At the trial:
    Alex Omar Rosa-Ambert, MCS Plaza 255 Ponce de Leon Ave. 100 Blvd. Media Luna #508, Carolina, P.R. 00877

    (d) At sentencing:
    Alex Omar Rosa-Ambert, MCS Plaza 255 Ponce de Leon Ave. 100 Blvd. Media Luna #508, Carolina, P.R. 00877

    (e) On appeal:
    Jeannine N. Rodriguez, JNR Law Group 300 Sevilla Ave. # 304 Coral Gables, FL 33134

    (f) In any post-conviction proceeding:
    Not Applicable

    (g) On appeal from any ruling against you in a post-conviction proceeding:
    Not Applicable

16. Were you sentenced on more than one court of an indictment, or on more than one indictment, in the same court and at the same time? Yes ☐ No ☑

17. Do you have any future sentence to serve after you complete the sentence for the judgment that you are challenging? Yes ☐ No ☑
    (a) If so, give name and location of court that imposed the other sentence you will serve in the future:

    (b) Give the date the other sentence was imposed: _____
    (c) Give the length of the other sentence: Not Applicable
    (d) Have you filed, or do you plan to file, any motion, petition, or application that challenges the judgment or sentence to be served in the future? Yes ☑ No ☐

AO 243 (Rev. 09/17)

18. TIMELINESS OF MOTION: If your judgment of conviction became final over one year ago, you must explain why the one-year statute of limitations as contained in 28 U.S.C. § 2255 does not bar your motion.*

On April 6 2023, the District Court entered the final order in the case for the Petitioner. However, the Petitioner has been in transit being transferred from FCI - Jessup to FCI - Miami. Additionally, after being transferred the Petitioner did not have access to his property that contains all of his legal documents.

For safety meassures, the Pettioner filed a motion with the District court for extension of time on March 25, 2024

---

\* The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") as contained in 28 U.S.C. § 2255, paragraph 6, provides in part that:
    A one-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of –
        (1) the date on which the judgment of conviction became final;
        (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making such a motion by such governmental action;
        (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
        (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

# MOTION UNDER 28 U.S.C. § 2255 TO VACATE, SET ASIDE, OR CORRECT SENTENCE BY A PERSON IN FEDERAL CUSTODY

** SECTION 12 CONTINUED **

GROUND FIVE: Prosecutorial Misconduct

a) Supporting facts (State the specific fact that supports your claim):

**Trial was marred by prosecutorial misconduct and overreach where the prosecutor made prejudicial statements and improperly influenced the jury by emphasizing Defendants past convictions which were not directly relevant to the charges at hand. This conduct not only biased the jury against the Defendant but also contravened the principles of a fair trial outlined in United States v. Caldwell (3rd Cir.) which is also an issue of plain error.**

b) Direct Appeal of Ground One:

1) If you appealed from the judgement of conviction, did you raise this issue?

    Yes ☐    No ☑

2) If you did not raise this issue in your direct appeal, explain why? Ineffective Assistance of Counsel at Trial

c) Post-Conviction Proceedings:

1) Did you raise this issue?  Yes ☐    No ☑

2) If your answer to Question (c)(1) is "Yes," state:

    a. Type of motion or petition: Not Applicable

    b. Name and location of the court where the motion or petition was filed: Not Applicable

    c. Docket or case number (if you know): Not Applicable

    d. Date of filing (if you know): <u>Not Applicable</u>

    e. Date of court's decision: <u>Not Applicable</u>

    f. Result (attach a copy of the court's opinion or order, if available): <u>Not Applicable</u>

3) Did you receive a hearing on your motion, petition, or application? Yes ☐ No ☑

4) Did you appeal from the denial of your motion, petition, or application?

    Yes ☐ No ☑

5) If your answer to Question (c)(4) is "Yes," did you raise the issue in the appeal?

    Yes ☐ No ☑

6) If your answer to Question (c)(4) is "Yes," state: <u>Not Applicable</u>

7) If your answer to Question (c)(4) or Question (c)(5) is "No," explain why you did not appeal or raise this issue: <u>Not Applicable</u>

## GROUND SIX: <u>922(g) Conviction Unconstitutional</u>

c) Supporting facts (State the specific fact that supports your claim):

**The application of §922(g) to Mr. Donate-Cardona, especially as a non-violent felon, challenges the essence of Second Amendment protections and is also unconstitutional as applied to him. The precedential cases of Unites States v. Vincent Edward Jones, United States v. Ayinda Harper, and United States v. Joshua G. Taylor illustrate a judicial trend questioning the broad prohibitions under §922(g) as incompatible with constitutional mandates. Additionally, recent jurisprudential developments with United States v. Bruen and United States v. Range, make the conviction unconstitutional.**

d) Direct Appeal of Ground One:

2) If you appealed from the judgement of conviction, did you raise this issue?

   Yes ☐   No ☑

3) If you did not raise this issue in your direct appeal, explain why? <u>New Intervening Change in Law</u>

d) Post-Conviction Proceedings:

8) Did you raise this issue? Yes ☐   No ☑

9) If your answer to Question (c)(1) is "Yes," state:

   g. Type of motion or petition: <u>Not Applicable</u>

   h. Name and location of the court where the motion or petition was filed: <u>Not Applicable</u>

   i. Docket or case number (if you know): <u>Not Applicable</u>

   j. Date of filing (if you know): <u>Not Applicable</u>

   k. Date of court's decision: <u>Not Applicable</u>

   l. Result (attach a copy of the court's opinion or order, if available): <u>Not Applicable</u>

10) Did you receive a hearing on your motion, petition, or application? Yes ☐   No ☑

11) Did you appeal from the denial of your motion, petition, or application?

   Yes ☐ No ☑

12) If your answer to Question (c)(4) is "Yes," did you raise the issue in the appeal?

   Yes ☐   No ☑

13) If your answer to Question (c)(4) is "Yes," state: <u>Not Applicable</u>

14) If your answer to Question (c)(4) or Question (c)(5) is "No," explain why you did not appeal or raise this issue: <u>Not Applicable</u>

Therefore, movant asks that the Court grant the following relief:

The Movant humbly requests to vacate the current sentence or grant a new trial based on New Intervening Changes in Law and due to Ineffective Assistance of Counsel at Trial

or any other relief to which movant may be entitled.

_____
Signature of Attorney (if any)

I declare (or certify, verify, or state) under penalty of perjury that the foregoing is true and correct and that this Motion under 28 U.S.C. § 2255 was placed in the prison mailing system on __4/1/24__.
(month, date, year)

Executed (signed) on __4/1/24__ (date)

_____
Signature of Movant

If the person signing is not movant, state relationship to movant and explain why movant is not signing this motion.