IN THE DISTRICT COURT OF THE VIRGIN ISLANDS
DIVISION OF ST. THOMAS AND ST. JOHN

| UNITED STATES OF AMERICA, | ) | |
|---|---|---|
| | ) | |
| vs. | ) | |
| | ) | Criminal No. 2015-41 |
| RICARDO DONATE-CARDONA, | ) | |
| Defendant. | ) | |

## ORDER

On April 1, 2024, Ricardo Donate-Cardona filed a *pro se* Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody. [ECF 332].[1] This matter is before the undersigned for an initial review pursuant to Rule 4 of the Rules Governing § 2255 Proceedings. Because it does not clearly appear from the face of the motion that defendant is not entitled to relief, the matter is allowed to proceed. Consequently, defendant should be advised of the effect of filing a § 2255 motion.[2]

As an unrepresented individual, defendant is advised that he may: (1) have the instant motion ruled upon as filed; (2) withdraw the instant motion and file one all-inclusive § 2255 motion

---

[1] "The federal 'prisoner mailbox rule' provides that a document is deemed filed on the date it is given to prison officials for mailing." *Pabon v. Mahanoy*, 654 F.3d 385, 391 n.8 (3d Cir. 2011). Here, defendant signed his motion on April 1, 2024, and it was received by the Court on April 4, 2024.

[2] *See United States v. Miller*, 197 F.3d 644, 646 (3d Cir. 1999) ("[U]pon receipt of a pro se pleading challenging an inmate's conviction or incarceration—whether styled as a § 2255 motion or not—district courts should issue a form notice to the petitioner regarding the effect of such a pleading in light of AEDPA."); *but see United States v. Perry*, 142 F. App'x 610, 613 (3d Cir. 2005) (noting that in light of Supreme Court precedent, "*Miller* may go too far in requiring our District Judges to issue a procedural roadmap to every pro se litigant who files a pleading, however denominated, expressing an intention to challenge his [] conviction or sentence"); *cf. Pliler v. Ford*, 542 U.S. 225, 231 (2004) ("District judges have no obligation to act as counsel or paralegal to *pro se* litigants[,]" and requiring courts to advise defendants as to "the details of federal habeas procedure . . . would undermine district judges' role as impartial decisionmakers." (holding courts are not required to give exhaustion and timeliness warnings to litigants who file mixed petitions)).

within the one-year statute of limitations;³ or (3) have the motion recharacterized as a motion pursuant to 28 U.S.C. § 2255 (<u>to the extent not styled as such</u>), but lose the ability to file a second or successive petitions absent certification by the United States Third Circuit Court of Appeals.⁴ Defendant must inform the Court of which of these three options he would like to take.

Furthermore, defendant is advised that a § 2255 motion must state all of the grounds for relief from the challenged conviction or sentence and the facts that support each ground.⁵ While an amendment to clarify or to offer further factual support may be permitted at the discretion of the Court, an amendment which seeks to introduce a new claim or a new theory into the case will not be permitted after the statute of limitations has expired.

It is hereby ORDERED as follows:

1. Defendant shall inform the Court in writing of which of the three options he wishes to take no later than **May 9, 2024** (the "Notice Deadline").

2. If defendant fails to respond to this Order or to respond by the Notice Deadline, his opportunity to do so will be deemed waived without further notice and the Court shall rule on the instant motion as filed.

3. The Clerk of Court shall send to defendant by certified mail a copy of this Order and the District Court's Motion to Proceed *In Forma Pauperis* ("IFP") (**Form VI-AO 240-2255**) bearing the above-captioned criminal number.

4. If defendant seeks to proceed as an indigent, he must complete and return Form VI-AO 240-2255 by **May 9, 2024**. Defendant must attach a **certified copy** (i.e., signed by the appropriate institutional officer) of his inmate trust account for the six-month period

---

³ If not filed within the one-year period, the motion may be barred as untimely. *See* 28 U.S.C. § 2255(f) (establishing a one-year statute of limitations period for § 2255 motions "running from the latest of" four specified dates).

⁴ *See Miller*, 197 F.3d at 646 (holding that "district courts must first take certain prophylactic measures before recharacterizing a pro se petitioner's post-conviction motion as a § 2255 motion *or* ruling on a § 2255 motion denominated as such"); *see also Castro v. United States*, 540 U.S. 375, 383 (2003) (holding it is improper to recharacterize a *pro se* filing as a first § 2255 motion without informing the litigant of the consequences of recharacterization).

⁵ Rule 2(b), Rules Governing § 2255 Proceedings.

immediately preceding the filing of his § 2255 motion.[6]

5. Defendant must keep the Court advised of his current address at all times throughout this proceeding. Specifically, defendant must notify the Court in writing as to any and all address changes, including all temporary transfers to another jail or prison or other facility.

**Dated:** April 9, 2024    S\_____
**RUTH MILLER**
United States Magistrate Judge

---

[6] A § 2255 motion does not require pauper status or prepayment of a filing fee. *See* Rule 3, Rules Governing § 2255 Proceedings, advisory committee's note to 1976 adoption. Nevertheless, having the *in forma pauperis* affidavit as part of the movant's official record allows the "judge . . .[to] grant any other rights to which an indigent is entitled in the course of a §2255 motion." *Id.*